UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO ARMENTA, FAUSTO ARMENTA, GABRIEL ARVIZU, FELIPE BALTIERRA, MIGUEL BENITEZ-HERNANDEZ, EDUARDO DELGADO, MARIO DELGADO-HERNANDZ, RODRIGO DELGADO, URIEL DELGADO, JOSE LUIS GIL-TARIBIO, FEDERICO HERNANDEZ-MONGE, LUIS MIGUEL HERNANDEZ, MAURO HERNANDEZ-AGUILAR, JOSE MONGE, HECTOR MOSSO, ARBY PACMA, FLORENTINO NICOLAS RAMIREZ, JOSE JULIAN RODRIGUEZ, ARMANDO ROMERO, ANTONIO SANCHEZ, BENITO VELAZQUEZ-ESTEBAN, RAFAEL HERNANDEZ, and RUFINO BALTIERRA,<br><br>      Plaintiffs,<br><br> -against-<br><br>DIRTY BIRD GROUP LLC d/b/a DIRTY BIRD a/k/a DIRTY BIRD TO-GO, JOSEPH CIRIELLO, MARK KOLSKI and JOHN DOES #1-10, jointly and severally,<br><br>      Defendants. | Docket No.: 13-civ-4603 (WHP)<br><br>ECF Case |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR THE PARTIES TO FILE THEIR PROPOSED SETTLEMENT AGREEMENT UNDER SEAL AND/OR FOR PLAINTIFFS TO FILE A JOINTLY <u>SIGNED STIPULATION OF DISMISSAL</u>**

                   FOX ROTHSCHILD LLP
                   100 Park Avenue, Suite 1500
                   New York, New York 10017
                   Telephone: (212) 878-7900
                   Facsimile: (212) 692-0940
                   *Attorneys for Defendants*

*Of Counsel*:

  Carolyn D. Richmond
  James M. Lemonedes
  Jason B. Jendrewski

I.   **PRELIMINARY STATEMENT**

Defendants Dirty Bird Group LLC d/b/a Dirty Bird a/k/a Dirty Bird To-Go (hereinafter "Dirty Bird"), Joseph Ciriello, and Mark Kolski (collectively, "Defendants"), by their attorneys, Fox Rothschild LLP, hereby submit this memorandum of law pursuant to the Court's Order, dated April 15, 2015.  The Order required Defendants and/or Armando Armenta, Fausto Armenta, Gabriel Arvizu, Felipe Baltierra, Rufino Baltierra, Miguel Benitez-Hernandez, Eduardo Delgado, Mario Delgado-Hernandez, Rodrigo Delgado, Uriel Delgado, Jose Luis Gil-Taribio, Frederico Hernandez-Monge, Luis Miguel Hernandez, Rafael Hernandez, Jose Monge, Hector Mosso, Florentino Nicolas Ramirez, Jose Julian Rodriguez, Armando Romero, Antonio Sanchez, Benito Velazquez-Esteban, Arby Pacma and Mauro Hernandez-Aguilar (collectively, "Plaintiffs," together with Defendants, "the Parties") to submit a memorandum in support of the Parties' application for the Court to seal their proposed settlement agreement.  Alternatively, Defendants hereby request that the Court permit Plaintiffs to file a jointly signed stipulation of dismissal in lieu of judicial review and approval of the Parties' settlement.

II.   **STATEMENT OF FACTS**

Plaintiffs have alleged claims against Defendants under the Fair Labor Standards Act of 1938 ("FLSA") and New York State Labor Law §§190 *et seq.* and 650 *et seq.*  Defendants have interposed counterclaims against certain individual Defendants, alleging common law claims of unfair competition, conversion, and breach of the duty of loyalty to an employer.  The Parties have denied each other's respective claims.  However, given the uncertainties and expense of litigation, the Parties chose to mediate this matter and have ultimately reached a fair and reasonable agreement resolving all of their claims.

Critically, an essential aspect of the proposed settlement agreement is confidentiality, and, without assurances of confidentiality of both the existence of the settlement and the

agreement's terms, the Parties will not be able to execute the proposed settlement agreement and resolve this lawsuit.  The Parties raised this material issue before the Court at a conference on April 4, 2014.  In response, on April 15, 2014, the Court ordered the Parties to submit a memorandum detailing their positions.  For the reasons that follow, Defendants respectfully request that the Court grant their application to review the proposed settlement agreement *in camera* and/or allow the Parties to file it under seal.

### III. LEGAL ARGUMENT

#### A. The Court Should Review the Settlement Agreement *in Camera* and/or Allow the Parties to File it Under Seal.

The Parties strongly desire the Court's review and approval of their proposed settlement agreement.  However, the settlement of the Parties' dispute is contingent upon the confidentiality of its terms, and, without which, there would be no agreement.  Accordingly, the Defendants request that the Court review the fairness and reasonableness of the proposed settlement agreement *in camera* and/or permit the filing of the settlement agreement under seal.

Defendants acknowledge that there is case law in this Second Circuit that disfavors confidential FLSA settlement agreements.  However, Defendants emphasize that courts in this Second Circuit have also held otherwise, permitting the review of FLSA settlement agreements *in camera* and/or allowing parties to file FLSA settlement agreements under seal.  *See, e.g., Medley v. American Cancer Society*, 2010 WL 3000028 (S.D.N.Y. 2010) (permitting the filing of an FLSA settlement agreement under seal because its terms were confidential); *Viada v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 84744 (S.D.N.Y. 2006) (deciding to seal an FLSA settlement agreement because the parties conditioned their settlement on the sealing of the agreement); *see also Suda v. Sushiden Corp.*, 2011 WL 1210206 (S.D.N.Y. 2011) (allowing the parties to redact the amount of settlement payments).  These courts gave credence to <u>both</u> Parties' desires without consideration to any right of public access that may otherwise exist.

Indeed, it is not surprising that these courts approved FLSA settlements filed under seal because the parties at issue did not protest the amicable resolution of these contested lawsuits.  Here, the Court should similarly recognize the Parties' desires and their need for the proposed settlement agreement to be confidential in order to resolve their dispute.

When considering requests for confidentiality, courts have "balance[d] the strong presumption of public access against any interests favoring nondisclosure." *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919, at *3 (W.D.N.Y. 2010).  These courts acknowledged that parties may keep the terms of their FLSA settlement agreements confidential if they make the requisite showing of need.  *See Chapman-Green v. Icahn House West LLC*, 2013 WL 474352 (S.D.N.Y. 2013).

Here, the unique nature of this case establishes the basis to overcome the presumption of public access.  Unlike ordinary run-of-the-mill FLSA cases, this lawsuit involves significant non-FLSA counterclaims against individual Plaintiffs, which are inextricably intertwined with Plaintiff's FLSA claims.  The settlement of these non-FLSA counterclaims are not subject judicial approval and may be settled both privately and confidentially.  Therefore, the case at bar involves a "hybrid" FLSA/non-FLSA action, and any presumption of public access that otherwise may exist with respect to the FLSA claims either is no longer applicable or is outweighed by the Parties' need for confidentiality.  Given these unique realities, confidentiality was a critical issue in achieving a settlement with the substantial efforts of a highly accomplished mediator.

In addition to these reasons favoring confidentiality, Defendants emphasize that this lawsuit is no longer a putative class action, but, rather, from Plaintiffs' perspective, a straight FLSA action.  Therefore, all of the participants to the settlement will have executed the proposed settlement agreement on behalf of themselves and not anyone else.

### B. Alternatively the Court's Approval is Not Required Because Plaintiff May File a Jointly Signed Stipulation of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

While it is the Parties' preference for the Court to approve their proposed settlement agreement, in the event that the Court does not permit the Parties to file their proposed settlement agreement under seal, Defendants request that the Court allow the Parties to file a jointly signed stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure ("FRCP"). FRCP 41(a)(1)(A)(ii) provides that, subject to certain FRCP provisions or any applicable federal statute, a plaintiff may dismiss an action without court order by filing a stipulation of dismissal signed by all parties who have appeared.

Contrary to the historical view that the FLSA is an "applicable federal statute" within the meaning of FRCP 41(a)(1)(A) requiring a court-ordered dismissal, several courts in the Second Circuit (and elsewhere) have more recently recognized that "it is not clear that judicial approval of an FLSA settlement is legally required." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 364 (S.D.N.Y. 2013) (citing *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F.Supp.2d 368 (E.D.N.Y. 2013)); *see also Cabrera v. Nassau Med. Servs., P.C.*, 526 F.App'x 12 (2d Cir. 2013) (stating that "there may be a general continuing controversy regarding whether parties may settle claims brought under the FLSA without court approval"); *Rahman v. Kaplan Cornelia, Inc.*, 2014 WL 541851, at *7 (S.D.N.Y. 2014) (finding *Picerni* to be well-reasoned and stating that the law regarding judicial approval of FLSA settlements is not settled). Indeed, in *Picerni*, the court concluded that the FLSA is not an "applicable federal statute" within the meaning of FRCP 41(a)(1)(A), and, therefore, directed the clerk to enter judgment without reviewing and approving the settlement at issue.

In so ruling, the Honorable Brian M. Cogan concluded that, despite his past rulings and the view of some of his colleagues, he has "come around to the view that the procedure of a court

requiring approval before it permits parties to voluntarily dismiss an FLSA action is incorrect.  It runs afoul of [FRCP] 41, which gives the plaintiff, at the early stage of a case, or the parties jointly, at a later stage in the case, free reign to discontinue for any reason." *Id*.  Judge Cogan further explained that he "cannot agree with the largely unstated assumption in the cases that refuse to allow voluntary dismissals that the FLSA falls within the 'applicable federal statute' exception to the Rule." *Id*. at 373.  According to Judge Cogan, "it is one thing to say that a release given to an employer in a private settlement will not, under certain circumstances, be enforced in subsequent litigation—that is the holding of *Brooklyn Savings* [*Bank v. O'Neill*, 324 U.S. 697 (1945)] and [*D.A. Schulte, Inc. v.*] *Gangi*[, 328 U.S. 108, 116 (1946)]—it is quite another to say that even if the parties want to take their chances that their settlement will not be effective, the Court will not permit them to do so." *Id*.  Consequently, Judge Cogan explained that he "believe[s] the parties can voluntarily dismiss an FLSA case without judicial approval—if the defendant is willing to undertake the risk of doing so." *Id*.

In *Picerni*, Judge Cogan acknowledged and considered the arguably undesirable consequences of allowing private FLSA settlements.  However, despite the concerns recognized in prior case law, Judge Cogan nevertheless concluded that "the FLSA is not one of the qualifying statutes that fall within the exemption from [FRCP] 41." *Id.* at 375.  He reasoned that, unlike other statutes, the FLSA does not condition the dismissal of actions for wage violations upon court approval.  Moreover, he explained that neither *Brooklyn Savings* nor *Gangi*, the foundational Supreme Court cases, expressly preclude private settlement.

To the extent that there are undesirable consequences of allowing parties to privately settle FLSA lawsuits, such as the use of a potential collective action as leverage to extract a cheap private settlement and attorneys' fees, Defendants agree with Judge Cogan's finding that these consequences are not peculiar to the FLSA and are for Congress to address.  *See id*. at 376.

Moreover, by settling privately, employers assume the risk that their confidential, non-judicially approved settlement agreements may be held unenforceable in subsequent proceedings. Lastly, as a practical matter, the consequences of refusing to allow parties to privately settle FLSA lawsuits militate against limiting the parties' rights to dismiss such actions because "the vast majority of FLSA cases . . . are simply too small, and the employer's finances too marginal, to have the parties take further action if the Court is not satisfied with the settlement." *Id*. at 377.

Courts in the Southern District of New York have viewed *Picerni* favorably. For example, in *Lliguichuzhca*, the Honorable Gabriel W. Gorenstein recognized *Picerni* and stated that "it is not clear that judicial approval of an FLSA settlement is legally required." *Lliguichuzhca*, 948 F.Supp.2d at 364. Magistrate Judge Gorenstein did not have the opportunity to resolve the issue, however, because the parties specifically requested judicial approval of their proposed settlement. Similarly, in *Lima v. Hatsuhana of USA, Inc.*, 2014 WL 177412, at *1 (S.D.N.Y. 2014), the court invited the parties to file a motion seeking an order that the parties' FLSA settlement need not be approved by the court. Although the court denied the parties' joint motion because their unsubstantiated submissions did "not provide a basis for the Court to reconsider its past practice of requiring judicial approval of FLSA claims," the Honorable Jesse M. Furman declared that he was open to the possibility that Judge Cogan is correct and that his (Judge Furman's) influential decision in *Wolinsky* should be revisited.[1] *Lima*, 2014 WL 177412, at *1. However, "[b]y failing to brief the issue adequately," the parties did not present the court with an occasion to consider the issue. *Id*. at *2.

---

[1] In *Wolinsky*, the court found that, while "[t]here may be circumstances in which voluntary dismissal of an FLSA claim without a court order is proper . . . to allow it . . . where the parties have reached a settlement agreement would permit an end run around the FLSA's judicial-supervision requirement." *Wolinsky*, 900 F.Supp.2d at 341. Therefore, the court concluded that the parties could not stipulate to dismissal of the case without a court order.

The matter at hand finally presents the Southern District of New York with a proper occasion to consider and resolve this issue. In addition to the legal reasons set forth by Judge Cogan in *Picerni* for permitting parties to dismiss FLSA lawsuits and settle them without judicial approval, the unique facts of this case compel such a result in this matter. As noted above, this the proposed settlement does not only concern FLSA claims, but, rather, involves significant non-FLSA counterclaims against individual Plaintiffs, which are inextricably intertwined with Plaintiff's FLSA claims. The settlement of these non-FLSA counterclaims are not subject judicial approval and may be dismissed by the Parties pursuant to FRCP 41 even without the Judge Cogan's well-reasoned decision in *Picerni*.

## IV. CONCLUSION

For the foregoing reasons, the Court should review the Parties' proposed settlement agreement *in camera* and/or allow the Parties to file it under seal, or, alternatively, permit Plaintiff to file a jointly signed stipulation of dismissal pursuant to FRCP 41(a)(1)(A)(ii).

                                                      Respectfully submitted:

Dated: New York, New York       FOX ROTHSCHILD LLP
       April 21, 2014

                                              By: /s/ James M. Lemonedes
                                                  Carolyn D. Richmond, Esq.
                                                  James M. Lemonedes, Esq.
                                                  Jason B. Jendrewski, Esq.
                                                  100 Park Avenue, Suite 1500
                                                  New York, New York 10017
                                                  Telephone: (212) 878-7900
                                                  Facsimile: (212) 692-0940
                                                  *Attorneys for Defendants*