UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ARMANDO ARMENTA, *et al.* on behalf of      :
themselves and others similarly situated,
                                            :
                     Plaintiffs,          :      13cv4603

                    -against-           :      MEMORANDUM & ORDER

DIRTY BIRD GROUP, LLC d/b/a DIRTY BIRD      :
a/k/a DIRTY BIRD TO-GO, *et al.*,           :

                     Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs bring this collective action claiming violations of the Fair Labor Standards Act and New York Labor Law for Defendants failure to pay overtime, minimum wage, and spread-of-hour premiums. Defendants counter-claimed, alleging that while Plaintiffs were employed at Dirty Bird they started a competitor "Mr. Chicken-to-Go" and misappropriated recipes and menu items. By letter dated March 4, 2014, the parties advised this Court that they had reached an agreement in principle and would submit a proposed Settlement Agreement for this Court's approval. Defendants move to file an unredacted version of their proposed settlement agreement under seal for in camera review, or, alternatively, to permit Plaintiffs to file a jointly signed stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). For the following reasons, both motions are denied.

## DISCUSSION

I.   Approval of FLSA Settlements and the Public Right of Access

Under the FLSA, Congress prescribes a minimum wage to foster the "minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA was designed "to correct and as rapidly as practicable to eliminate" the practice of employers failing to pay its employees proper wages. 29 U.S.C. § 202(b). To effect that policy, the FLSA provides that an employer who fails to pay minimum wage or overtime pay must pay both the unpaid wages and an additional equal amount as liquidated damages. See 29 U.S.C. § 216(b).

The FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would coerce employees into settlement and waiver." Le v. SITA Info. Networking Computing USA, Inc., 07-cv-85 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (citation omitted) (internal quotation marks omitted). "[A]n employee may not waive or otherwise settle an FLSA claim for less than the full statutory damages unless the settlement is . . . made pursuant to a judicially supervised stipulated settlement." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted). See Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (settling FLSA claims for less than the statutory minimum would "'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate" (quoting Brooklyn Savs Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

While the parties agree with the basic premise that any settlement for less than full damages must be approved by this Court, Defendants insist that the review be undertaken in secret and the terms of the settlement shielded from public scrutiny.

2

"[T]he federal courts 'have recognized a strong presumption of public access to court records.'" Standard Chartered Bank, Int'l (Ams.) v. Calvo, 757 F. Supp. 2d 258, 259-60 (S.D.N.Y. 2010) (quoting Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994)). "This preference for public access is rooted in the public's First Amendment right to know about the administration of justice." Video Software Dealers Ass'n, 21 F.3d at 26. "[C]ourts must be leery of confidentiality requests that permit the parochial interest of one party to trump the public interest in the efficient and transparent administration of justice." In re Platinum and Palladium Comm. Litig., 828 F. Supp. 2d 602, 603 (S.D.N.Y. 2011).

The presumption of public access extends to any "judicial document," that is, any document "relevant to the performance of the judicial function and useful in the judicial process." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted) (internal quotation marks omitted). In the context of judicially-approved FLSA settlements, there is no more important judicial document than the settlement itself. See Wolinsky, 900 F. Supp. 2d at 337-38 (listing cases subjecting FLSA settlements to the presumption of access).[1] The public has a right to know about the terms of such judicially approved settlements. Public scrutiny strengthens the judicial process:

> "Transparency is pivotal to public perception of the judiciary's legitimacy and independence. The political branches of

---

[1] Frequently the issue of sealing judicial documents arises in the context of arbitral awards. In that circumstance, the "arbitral awards . . . are indisputably judicial documents to which the presumption of access attaches." Century Indem. Co. v. AXA Belgium, No. 11 Civ. 7263 (JMF), 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012). That is because in a petition to confirm or vacate an arbitration award, "the Awards themselves are the heart of what the parties [petition] the Court to act upon." Century Indemnity, 2012 WL 4354816, at *14.

3

> government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification. Because the Constitution grants the judiciary 'neither force nor will, but merely judgment,' courts must impede scrutiny of the exercise of that judgment only in the rarest of circumstances."

United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (citations omitted). There is no legitimate reason for secrecy here.

The overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential. See, e.g., Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) (rejecting sealing request and listing cases doing the same). Defendants' reliance on unreported cases are not persuasive. They offer only a superficial analysis of the public's right of access. And Defendant's reliance on Chapman-Green v. Icahn House W. LLC, 11-cv-1190 (MHD), 2013 WL 474352, at *2-3 (S.D.N.Y. Jan. 24, 2013) is curious because in that case Magistrate Judge Dolinger balanced the Lugosch and Wolinsky factors and denied the parties' sealing application.

Defendants also suggest that the "unique" characteristics of this case warrant sealing. They contend that "[u]nlike ordinary run-of-the-mill FLSA cases, this lawsuit involves significant non-FLSA counterclaims against individual Plaintiffs, which are inextricably intertwined with Plaintiff's FLSA claims" and that the "hybrid" nature of the action defeats any presumption of public access. (Defs. Mem. at 4.) But that distinction is without merit. Sealing FLSA settlements in such instances would only encourage counter-claims and might coerce employees to settle or waive their claims. That is prohibited by the FLSA. See Le, 2008 WL 724155, at *1.

4

Defendants also argue that the case is no longer a putative class action and that all Plaintiffs will execute proposed settlement agreements on behalf of themselves and not anyone else. That does little to address the importance of ensuring that the FLSA's terms and purposes are not frustrated by private agreements and nothing to address the common law right of access to the judicial process. See Miles v. Ruby Tuesday, Inc., 799 F. Supp. 2d 618, 623 (E.D. Va. 2011). Accordingly, the motion to file the proposed settlement under seal is denied.

II.     Request to Dismiss Pursuant to Rule 41(a)(1)(A)(ii)

Defendants move alternatively for permission for Plaintiffs to collectively file a jointly signed stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Rule 41(a)(1) permits a plaintiff to dismiss an action voluntarily without a court order under certain circumstances but prohibits such unilateral dismissal if it would be prohibited by "any applicable federal statute." Fed. R. Civ. Pro. 41(a)(1). That prohibition applies to FLSA actions. See Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40-41 (E.D.N.Y. 2014); Wolinsky, 900 F. Supp. 2d at 340-41.

That conclusion finds support in the fundamental premise that an employee may not waive or otherwise settle an FLSA claim for less than the full statutory damages absent judicial approval. See Brooklyn Savs. Bank, 324 U.S. at 707 ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the [FLSA]. . . . [T]he same policy considerations which forbid waiver of basic minimum and overtime wages under the [FLSA] also prohibit waiver of the employee's right to liquidated damages."); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946) ("[L]iquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); see also Wolinsky, 900 F. Supp. 2d at 335. It is further supported by the purpose of the FLSA to correct and eliminate employers

5

failure to pay employees proper wages. See 29 U.S.C. § 202(b).

In spite of those prohibitions, the Supreme Court has suggested that employees may waive FLSA claims via judicially-supervised settlements. Gangi, 328 U.S. at 113, n.8. Although the rationale in Gangi is dicta, courts adopted the practice of judicially-supervising FLSA settlements. See, e.g., Santana v. Café Au Bon Gout, Inc., No. 11 Civ 9433 (DLC), 2012 WL 3201403, at *1 (S.D.N.Y. Aug. 6, 2012) (collecting cases from the First, Fifth and Eleventh Circuits); Wolinsky, 900 F. Supp. 2d at 335. In agreeing to settlement terms, employees frequently consent to the dismissal of FLSA claims. Judicial approval of such settlements furthers the FLSA's purpose because it applies "even to those who would decline its protections." See Tony and Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 302 (1985).

The circumstances of Defendants' application make clear why voluntary dismissal of this action would frustrate the FLSA's intent. The parties are prepared to settle with judicial approval so long as the public is kept in the dark as to certain facts, which is contrary to public policy and the law. Failing in that endeavor, Defendants propose an end-run around the FLSA's requirement of judicially approved settlements by having Plaintiffs' voluntarily dismiss the action and settle privately, which is also contrary to law. See Socias, 297 F.R.D. at 41; Wolinksy, 900 F. Supp. 2d at 335; cf. Barrentine, 450 U.S. at 740 (noting that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative polices it was designed to effectuate.") (internal citations omitted). This Court rejects that subterfuge.

Defendants cite to the recent decision of Picerni v. Bilingual Seit & Preschool, Inc., 925 F. Supp. 2d 368, 374 (E.D.N.Y. 2013) for the proposition that Rule 41(a)(1) does not prohibit voluntary dismissals for FLSA actions. Picerni is not binding on this Court. And other district judges have rejected its rationale. See, e.g., Socias v. Vornadao Realty L.P., 297 F.R.D. 38, 39-41 (E.D.N.Y. 2014) (rejecting Picerni's Rule 41 rationale); see also Archer v. TNT USA, Inc., --- F. Supp. 2d ----, 2014 WL 1343126 (E.D.N.Y. Mar. 31, 2014) (discussing exhaustively the requirement of judicial approval of FLSA settlements and the unsettled nature of Rule 41's application to the FLSA); but see Lima v. Hatsuhana of USA, Inc., 13-cv-3389 (JMF), 2014 WL 177412, at *1-2 (S.D.N.Y Jan. 16, 2014) (suggesting the district court may adopt Picerni's Rule 41 analysis but finding that the issue was not properly presented by the parties). Taken to its logical conclusion, Picerni would permit defendants to circumvent the FLSA's "deterrent effect" and eviscerate FLSA protections. Absent persuasive or binding authority, this Court declines to adopt Picerni's rationale. Accordingly, Defendants' motion is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to file an unredacted version of the parties' proposed settlement agreement under seal for in camera review, or, alternatively, to permit Plaintiffs to file a jointly signed stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) is denied. The Clerk of Court is directed to close the motion pending at ECF No. 59.

Dated: June 27, 2014
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Eugene Gerald Eisner, Esq.
Eisner & Associates, P.C.
113 University Place
New York, NY 10003

Roger J. Bernstein, Esq.
535 Fifth Avenue, 35th Floor
New York, NY 10017
*Counsel for Plaintiffs*

Carolyn Diane Richmond, Esq.
James M. Lemonedes, Esq.
Fox Rothschild, LLP
100 Park Avenue
New York, NY 10019
*Counsel for Defendants*